IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | I N D I C T M E N T |
| ) | |
| Plaintiff, ) | 4:19 CR 496 |
| ) | |
| v. ) | CASE NO._____ |
| ) | Title 18, United States Code, |
| DIDIER SAINT JULIEN, ) | Section 2261A(2)(b) and |
| ) | 2261(b)(6) |
| Defendant. ) | |

JUDGE POLSTER

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The Defendant DIDIER SAINT JULIEN was a resident of Youngstown, Ohio.

2. SAINT JULIEN and C.L., an individual known to the Grand Jury but not named herein, are strangers.

3. C.L. lived and worked in Youngstown, Ohio, in the Northern District of Ohio, Eastern Division.

4. Facebook, Instagram, and Google (Gmail) are providers of interactive computer services, electronic communication systems and electronic communication services engaged in interstate and foreign commerce, with data centers located outside of the state of Ohio.

5. On January 10, 2019, SAINT JULIEN was personally served with a protection order, as that term is defined by Title 18, United States Code, Section 2266(5), to wit: a temporary civil stalking protective order issued on behalf of C.L. ordering DIDIER SAINT

JULIEN not to initiate or have any contact with C.L. directly or through another person.

6. On January 22, 2019, SAINT JULIEN was personally served with a protection order, as that term is defined by Title 18, United States Code, Section 2266(5), to wit, a civil stalking protective order for a period of 5 years, issued on behalf of C.L. ordering SAINT JULIEN not to initiate or have any contact with C.L. directly or through another person.

COURSE OF CONDUCT

7. From in or around April of 2018 to in or around May of 2019, SAINT JULIEN engaged in a course of conduct that caused substantial emotional distress to C.L.

8. From in or around April of 2018 to in or around January of 2019, SAINT JULIEN made numerous comments on C.L.'s social media accounts, which include Facebook and Instagram.

9. From in or around August of 2018 to in or around May of 2019, SAINT JULIEN attempted several times to make contact with C.L.'s friends and family via Facebook, Instagram, telephone, and email.

10. On or about September 1, 2018, SAINT JULIEN attempted to make physical contact with C.L. SAINT JULIEN by following C.L.'s car into a private parking lot.

11. On or about January 11, 2019, after SAINT JULIEN was served with a temporary civil stalking protective order, SAINT JULIEN sent C.L. a text message from a telephone number.

12. In or around May of 2019, after SAINT JULIEN was served with a civil stalking protective order, SAINT JULIEN created fake social media accounts and attempted to make contact with C.L. through these accounts, to include contact through C.L.'s Instagram and Facebook accounts.

13. On or about May 6, 2019, SAINT JULIEN commented on C.L's Facebook and Instagram page from a fake social media account.

14. On or about May 11, 2019, SAINT JULIEN emailed C.L. from a Gmail account.

15. On or about May 12, 2019, SAINT JULIEN emailed C.L. from a Gmail account.

<u>COUNT 1</u>
(Cyberstalking, 18 U.S.C. § 2261A(2)(B) and 2261(b)(6))

16. The factual allegations of Paragraphs 1 through 15 of this Indictment are hereby re-alleged and incorporated as if set forth fully herein.

17. In or around April of 2018 through in or around May of 2019, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant DIDIER SAINT JULIEN, with the intent to harass, intimidate, and place under surveillance with the intent to harass and intimidate another person, to wit, C.L., used any interactive computer service, an electronic communication service, an electronic communication system of interstate commerce, and facilities of interstate and foreign commerce, to wit, Facebook, Instagram, telephone, and email, to engage in a course of conduct that caused, attempted to cause, and would reasonably be expected to cause substantial emotional distress to C.L. and committed the offense conduct in violation of a protection order as that term is defined by Title 18, United States Code, Section 2266(5).

All in violation of Title 18, United States Code, Sections 2261A(2)(B) and 2261(b)(6).

TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.